**WALKER et al. v. REYNOLDS METALS CO.**
No. 4123.

United States District Court
D. Oregon.
June 23, 1949.

Schafer & Holbrook, Portland, Oregon, James P. Cronan, Portland, Oregon, James C. Dezendorf, Portland, Oregon, John Yerkovich, Portland, Oregon, Ralph H.

King, Portland, Oregon, Borden Wood, Portland, Oregon, for plaintiffs.

Hugh F. O'Donnell, Special Assistant to the Attorney General, W. Tobin Lennon, Washington, D. C., Henry L. Hess, United States Attorney, Portland, Ore., for defendant.

JAMES ALGER FEE, Chief Judge.

The Court at this time denies the petition of the United States to file the original petition to appear in this cause by way of representation of interest. The Court has permitted, upon motion, the Government to file a supplemental petition to appear by way of representation of interest. Argument has been had upon this supplemental petition. The Court denies the appearance by "representation of interest." Indeed, such a term is never used in any of the opinions cited by the representatives of the United States, up until Stephens v. First National Bank of Nevada, 64 Nev. 292, 182 P.2d 146, where the "right" was denied as non-existent. A similar move was flatly denied in United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171. The appearances on behalf of the United States to show that the Court has no jurisdiction in cases involving foreign governments [1] or to prevent fraud in moot cases between states [2] or where the United States intervenes to protect its officers, [3] furnish no precedent for the present attempt.

■■ The United States has filed no pleading here. In the great bulk of cases which are claimed as precedents for allowing such intervention, a pleading has been filed pointing out specifically the relief to which it was believed the government was entitled. To allow the United States thus to intervene at large would be contrary to all our notions of orderly procedure in litigation. As has been pointed out, the appearance of any party in a lawsuit should be under the control of the rules of procedure applicable. Although the present petition states in rather vague terms what the representatives of the United States desire to accomplish, no tenable ground for this uncontrolled appearance has been laid.

In the earlier phases of the case, the Court had no means of discovering what were the facts as to the Government's position with regard to these private litigants, and therefore desired to have the positions rendered definite by the use of pretrial conferences. This attempt was blocked by mandamus and an injunction still in effect. However, the supplemental petition indicates the existence of a great many facts which have been developed in other litigation. Besides, measures have been taken which give the Government a much better basis for urging the contention than at the time the original petition was filed. Most of these had not been brought to the Court's attention until now.

This ruling leaves two other methods in which the United States may be a participant in the proceeding. Either the representatives of the Government can appear under strict supervision of the Court as amici curiae or the Government can intervene strictly under the express provisions of Rule 24, Federal Civil Rules of Procedure, 28 U.S.C.A.

The Court has now expressly denied an appearance by the Government by way of "representation of interest." No petition has been filed for appearance by the Government or its representatives as amicus curiae. No petition has been filed asking for intervention by the Government under Rule 24. There is nothing before the Court for ruling or consideration at this time. The Court has no power to treat the United States as a party by intervention if this status is not expressly requested.

The Court has expressly offered on several occasions, as previously noted, to entertain a petition for intervention under

---

1. The Schooner Exchange, 7 Cranch 116, 3 L.Ed. 287; Ex parte Republic of Peru, (The Ucayali) 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014.

2. State of Florida v. Georgia, 17 How. 478, 15 L.Ed. 181.

3. Booth v. Fletcher, 69 App.D.C. 351, 101 F.2d 676. In this case, although extremely broad language is used, the cases cited are almost exclusively cases where the United States defended its officers, and the case itself only holds there is authority for this.

the Rules of Civil Procedure, or to permit the United States to appear as amicus curiae. The opportunity is still open, and either of such petitions is now again invited. What disposition will be made thereof is, of course, a question of law.